TERRE HAUTE CITY LINES, INC., ET AL., *v.* KROEGER.

[No. 17,270. Filed March 1, 1945.]

*Cooper, Royse, Gambill & Crawford,* and *Beasley, O'Brien, Lewis & Beasley,* all of Terre Haute, and *James M. Hudson,* of Bloomfield, for appellants.

*George W. Wells,* and *Edward S. Everett,* both of Terre Haute, *Allen G. Pate,* of Bloomfield, for appellee.

CRUMPACKER, J.—The appellee brought this suit against the appellants as joint tort-feasors whose alleged concurrent negligence resulted in injuries to her person. The case was tried to a jury in the Greene Circuit Court and resulted in a verdict for the appellee against both appellants in the sum of $3500 with judgment accordingly. The appellants filed separate motions for a new trial which were overruled and in this appeal they each assign error separately. The sole error assigned by each appellant and not waived challenges the court's ruling on its motion for a new trial.

The appellee fell and broke her left ankle while alighting from a bus belonging to and operated by the Terre Haute City Lines, Inc., at or near the southeast corner of Tippecanoe and North 6th Streets in the City of Terre Haute, Indiana, on the 2nd day of February, 1942, at approximately 3:25 in the afternoon. North 6th Street, running north and south, and Tippecanoe Street, running east and west, intersect each other at right angles. Each street is paved and each has a cement curb constituting an integral part of such pavement. Between the curb and the sidewalk on each of said streets there is a parkway. At the southeast corner of the intersection the sidewalk on Tippecanoe Street extends through the parkway on North 6th Street to the curb. Immediately south of the point where the Tippecanoe Street sidewalk joins the North 6th Street curb said curb is entirely broken out to the pavement

level for a distance of five or six feet. Between the gap in the curb and the sidewalk on North 6th Street the parkway slopes down to the pavement level and is transversed by a foot path. The north end of the curb where this large gap begins is rough, uneven and angular.

The appellee's complaint is drawn upon the theory that the large gap in the curb above described with the rough, sloping and uneven surface of said curb at the south end of such gap constituted a defect in the street that rendered it dangerous and unsafe for travelers and that the appellant city, in the exercise of ordinary care, could have known of such defect in ample time to have repaired it before the appellee was injured thereby. That, as a passenger on its bus, the appellant Terre Haute City Lines, Inc., owed the appellee a duty to select a reasonably safe place upon which to alight when leaving the bus but negligently discharged her at such gap in the curb without any warning of its danger. That the negligence of the appellants as above charged concurred to produce her injury.

The appellants' combined motions for a new trial specify 76 grounds therefor, all of which have been set out in a voluminous brief under 42 separate and distinct propositions. We pass down the list to what we consider reversible error without comment on other questions presenteds in the belief that they will not likely arise upon a retrial of this cause.

Among other things the appellants sought to prove contributory negligence as a defense and now earnestly contend that the record before us establishes such negligence as a matter of law. We are concerned with this question only so far as it furnishes a background against which we have tested the propriety of instruction No. 10 given by the court

upon its own motion and which will hereafter be set out in full. In our opinion the evidence does not disclose contributory negligence as a matter of law, but the question is a serious one as is indicated by the appellee's own version of her conduct. The same is narrated in the appellants' brief without challenge and we quote as follows: "When I was getting off the bus, I could see where I was stepping my foot and I looked down to see where I was putting my foot. I set my foot on the curb and I saw where I was stepping. I didn't see anything there where I was going to step that I thought would cause me to fall." This testimony would seem sufficient to charge her with knowledge of the defective curb before she stepped upon it. Later, however, she said she couldn't see what was under her heel because of her coat and it is also a fact that she had bundles in her arms. These circumstances are, we believe, sufficient to take the issue of contributory negligence to the jury but the closeness of the question required that the jury be instructed accurately and clearly on the pertinent law and its application to the facts. The appellants tendered an instruction on the subject that met all legal requirements but it was refused and in its stead the court instructed the jury as follows:

"Instruction No. 10.

"Contributory negligence is the failure to do what a reasonably careful and prudent person would have done under the same or like circumstances, or the doing of something which a reasonably careful and prudent person would not have done under the same or like circumstances; or in other words, contributory negligence is the failure to exercise reasonable and ordinary care.

"The burden of proving contributory negligence on the part of the plaintiff is upon the defendants in this case. It is not necessary for plaintiff to prove want of contributory negligence on her part

in order to recover in this action. Contributory negligence is a defense. Yet, if all the evidence in this case shows that plaintiff was guilty of negligence contributing to her injuries, she cannot recover."

In our opinion this instruction is clearly erroneous. Its natural tendency was to lead the jury to understand the law to be that all the evidence in the case, both that introduced by the appellants and by the appellee, must establish contributory negligence in order to defeat a recovery. Such, of course, is not the law. It is sufficient if contributory negligence is shown by the preponderance of the evidence on the subject whether such evidence was introduced by one party or the other.

The instruction, while correctly defining contributory negligence and placing the burden or proving the same upon the appellants, fails to instruct the jury that such burden is sustained by a preponderance (not all) of the evidence on the subject. The jury may very well have understood that if the facts tending to prove contributory negligence were in dispute there could be no finding for the appellants on that issue. The statement that "if all the evidence in the case shows that plaintiff was guilty of negligence contributing to her injuries, she cannot recover" is true, of course, but its viciousness lies in the impression it leaves to the effect that nothing less than *all* of the evidence will be sufficient to establish such contributory negligence as will defeat a recovery.

In its instructions Nos. 1, 3 and 6 the court informed the jury that the burden resting on the appellee of proving negligence on the part of the appellants is sustained if a preponderance of the evidence on the subject establishes the fact, but nowhere in its entire charge does the court say that contributory negligence may be established by the same quantum of proof.

Having in mind the general principle, so frequently announced by our courts (See Watson's Revision of Works Practice, Vol. 11, §1823, p. 407, and numerous cases cited in note 91), that where the verdict of the jury is clearly right on the evidence the judgment will not be reversed because of an erroneous instruction, we have examined the record herein with care. It is our opinion that the appellee escaped the charge of contributory negligence as a matter of law by the narrowest of margins and, while the question was one that was properly submitted to the jury, it was highly essential that the court's instructions on the subject be clear, accurate and not misleading. On the evidence alone we are unable to say that the verdict is clearly right.

In its instruction No. 2, the court read to the jury certain interrogatories, submitted to the appellants by the appellee as an accompaniment to her complaint, together with the answers thereto. Upon what theory this was done does not clearly appear, but we presume the court considered them as a part of the pleadings. They were introduced in evidence as a part of the appellee's case in chief and we know of no rule of trial court procedure that sanctions their repetition verbatim in an instruction to the jury. The practice must be condemned as tending to overemphasize the facts such questions and answers tend to prove and while, in this case, such evidence was favorable to the appellants and they were in nowise harmed, the instruction was nevertheless erroneous and should not be repeated in the event of a retrial.

Judgment reversed with instructions to sustain each appellant's motion for a new trial.

NOTE.—Reported in 59 N. E. (2d) 575.